```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION


UNITED STATES OF AMERICA      )
                              )
        v.                    )   CASE NO.: 1:16-CR-206-TWT-JSA-1
                              )
OLUWATOYIN SOLARIN            )
```

SENTENCING MEMORANDUM

COMES NOW, OLUWATOYIN SOLARIN, by and through undersigned counsel, and hereby files this Sentencing Memorandum to assist the Court in imposing a reasonable sentence pursuant to 18 U.S.C. §3553(a).

Defendant will first review her background. Next, Dr. Solarin will go over the recommended range of punishment under the Sentencing Guidelines, and will also discuss issues surrounding payment of restitution.

**PERSONAL BACKGROUND**

As shown in the Presentence Report ("PSR"), Oluwatoyin Solarin was born and raised as one of six children in Lagos, Nigeria. Her father retired from the police force, her mother was in business, and her siblings all are engaged in various professions. PSR, paragraph 55.

Defendant excelled as a student. She graduated from dental school in Nigeria, then came to the United States. Dr. Solarin

then received her second degree in dentistry, from New York University in 2007.  Id., para. 65.

Dr. Solarin began her career as a dentist by working part-time for another dentist.  She then worked full-time in Douglasville, before opening her own practice in 2009.  She called her practice "Care Dental."  Id., para. 68-70.

Dr. Solarin and her staff tried to provide low-cost dental services to an under-served clientele.  As shown in paragraph 33 of the PSR, those good intentions went awry.  She and her staff began violating billing rules, leading to the overbilling detailed in paragraph 35.

After lengthy discussions, the government and Dr. Solarin entered into a global resolution of the criminal charges and forfeiture issues.  Defendant entered a guilty plea, and agreed to forfeit the 15 pieces of real estate described in paragraph 71.  While not all of these properties have an assigned assessed value, it seems clear that Defendant has turned over to the government performing rental properties that are worth at least a quarter of a million dollars.

Under the Plea Agreement Dr. Solarin agreed to provide full financial disclosure of not only her own situation, but all matters regarding her husband.  The United States recently took Dr. Solarin's financial deposition where she answered all

questions and provided further insight into all of the materials she provided concerning she and her husband's finances.

Defendant got married in January, 2015. Id., para. 58. She has no children. Dr. Solarin has continued her dental practice up until the sentencing hearing in order to keep employing her staff as long as possible.

## THE GUIDELINES

The Final PSR recommends a final adjusted offense level of 19. Dr. Solarin falls into Criminal History Category I. This yields a Guideline range of 30-37 months.

Pursuant to Paragraph 17 of the Plea Agreement, the government will recommend a one-level downward variance for Defendant, based on the conservation of limited judicial and prosecutorial resources. If the Court accepts this recommendation, the recommended range under the Guidelines would be 27-33 months in custody.

The PSR contains an overview of Dr. Solarin's financial situation. The Probation Officer notes that while Defendant may be able to pay a fine, the large restitution obligation "may be counterproductive in this case." The PSR states that instead of a fine the Court may consider community service instead. Id., para. 76.

**THE IMPACT OF INCARCERATION ON RESTITUTION**

Courts imposing sentences on people found guilty of financial crimes are often facing a dilemma.  On the one hand, victims need to be made whole, as much as possible.  On the other hand, it is usually difficult, or sometimes impossible, for the Defendant to pay back victims when the Defendant is incarcerated.  Most Defendants are incapable of paying restitution out of savings, and need to remain working while paying off their victims.

Last Fall, the United States Court of Appeals for the Eleventh Circuit faced these issues in United States v. Plate, 839 F. 3d 950 (11th Cir. 2016). The Defendant came to the sentencing hearing with a check representing much of, but not all, the restitution owed to the victims she had defrauded.  The District Judge noted that he would have imposed a sentence of probation but for the remaining unpaid part of the restitution obligation.  Id., at 954-955.  Instead, the sentencing judge imposed a 27-month custodial sentence along with the restitution obligation. The Court of Appeals reversed, finding that the District Court's sentence was substantively unreasonable in conditioning incarceration on full payment of restitution. "Here, the district judge abused his discretion by giving significant (indeed *dispositive*) weight to Plate's inability pay restitution." Id., at 957.

4

When describing the relevant factors a Court must consider when imposing sentencing in financial crimes, the Eleventh Circuit noted that the need for restitution is one of the factors set out in 18 U.S.C. §3553(a)(7).

> To say that the district court must consider the need to provide victims with restitution, however, is not the same thing as saying the court may sentence the defendant to prison solely because she was unable to pay the restitution in full. <u>If anything, imposing such a sentence arguably cuts against that factor</u>.

<u>Id</u>., n. 6 (emphasis added)(citation omitted).

Defendant suggests that the <u>Plate</u> decision is instructive in cases such as Dr. Solarin's.  Courts should not merely impose a custodial sentence simply because a Defendant cannot pay back his or her victim.  On the other hand, the imposition of a custodial sentence "cuts against" the Defendant's obligation to pay back her or his victim.

Dr. Solarin acknowledges her mistakes.  She has made a sizeable dent into her restitution obligation.  She has a long way to go.  Her main method of re-paying her debt will be if and when she can resume her career in dentistry.  Defendant suggests that <u>United States v. Plate</u> and the facts of this case teach that the Court can consider a sentence below the otherwise applicable Guidelines in this case.

(*signature on following page*)

Dated: This 3rd day of February, 2017.

        Respectfully submitted,

        */s/ Paul S. Kish*
        PAUL S. KISH
        Georgia State Bar No. 424277
        ATTORNEY FOR OLUWATOYIN SOLARIN

Kish & Lietz, P.C.
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-588-3991; Fax 404-588-3995
paul@law-kl.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 3rd day of February, 2017.

/s/ Paul S. Kish
PAUL S. KISH
Georgia State Bar No. 424277
ATTORNEY FOR OLUWATOYIN SOLARIN

Kish & Lietz, P.C.
225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404-588-3991; Fax 404-588-3995
paul@law-kl.com